UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHAD A STEVENS,

    Plaintiff,

v.

PUYALLUP POLICE DEPARTMENT,

    Defendant.

CASE NO. 3:18-CV-05358-RJB-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Chad A. Stevens, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim but provides Plaintiff leave to file an amended pleading by July 11, 2018, to cure the deficiencies identified herein.

I. **Background**

Plaintiff, who is housed at the Pierce County Jail, alleges his constitutional rights were violated when Defendant Puyallup Police Department failed to protect Plaintiff from another inmate and failed to provide Plaintiff with medical care after he was assaulted by the inmate. Dkt. 5.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### A. *Personal Participation*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff names the Puyallup Police Department as the sole defendant in this action. *See* Dkt. 5. Plaintiff fails to state allege any wrong-doing by the Puyallup Police Department. Plaintiff states he told the unnamed on-duty officer at the Puyallup Police Department that another inmate was having a mental health crisis. No action was taken and Plaintiff was assaulted by the inmate the next day. Plaintiff states his right hand was fractured during the assault and he did not receive treatment. He has also not received treatment at Pierce County Jail.

Plaintiff does not identify any individuals as defendants or allege how the Puyallup Police Department's actions violated his constitutional rights. Therefore, Plaintiff has failed to adequately explain what actions or inactions by the Puyallup Police Department resulted the alleged constitutional violations. Plaintiff's vague and conclusory allegations are insufficient to show the Puyallup Police Department personally participated in an alleged constitutional violation. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement naming individual defendants and explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

B. *Improper Defendant*

Defendant, Puyallup Police Department, is also not a proper legal entity capable of being sued under §1983. Rather, the City of Puyallup, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, (1978); *Loomis v. City of Puyallup Police Dept.*, 2005 WL 1036445, at *8 (W.D. Wash. May 3, 2005). To set forth a

claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named the City of Puyallup as a defendant or alleged facts to show the City of Puyallup is liable. *See* Dkt. 5. At most, Plaintiff provides a conclusory statement that the Puyallup Police Department has a policy that resulted in a permanent injury to Plaintiff. *See id.* at p. 2. If Plaintiff seeks to sue the City of Puyallup, he must name the City of Puyallup as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show the City of Puyallup violated his constitutional rights.

### III. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 11, 2018, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 7th day of June, 2018.

David W. Christel
United States Magistrate Judge